**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10614 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00222-HDM-PAL-1 |
| v. | |
| ANTHONY SWANSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted December 9, 2011[**]
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

Anthony Swanson appeals his conviction and sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Because the facts are familiar to the parties, we recite them here only as necessary to explain our decision. Although Swanson contends that the standard of review is de novo, he did not object either to the jury instruction at issue or to the application of the career offender enhancement. Thus, we review both of these issues for plain error. Fed. R. Crim. P. 52(b); Johnson v. United States, 520 U.S. 461, 466-67 (1997). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Jury Instruction 22, which erroneously conflated two separate statutory clauses of § 924(c)(1)(A), see United States v. Thongsy, 577 F.3d 1036, 1043 (9th Cir. 2009), did not affect Swanson's substantial rights. The evidence that Swanson possessed the firearm in furtherance of his drug trafficking crime was overwhelming. Swanson admitted to the police that (1) he knew the gun was in the house, (2) his fingerprints would probably be on it, and (3) the gun was for protection. Swanson's girlfriend, who also lived in the house, told police that the gun was not hers and that Swanson brought it into the house for protection. Finally, an expert witness testified that drug dealers often keep loaded handguns under the bed for protection against nighttime robberies by other dealers. See

2

Thongsy, 577 F.3d at 1043 (expert's testimony that drug dealers commonly use guns for protection and that defendant's pistol would not be used for hunting was sufficient to show that the instructional error was harmless).

With respect to Swanson's argument regarding the career offender sentencing enhancement, see U.S.S.G. § 4B1.1, the exhibits to the government's motion for judicial notice, which we grant in a separate order filed concurrently with this decision, show conclusively that Swanson was previously convicted of two violations of Nevada Revised Statutes (NRS) section 453.337 -- possession of certain controlled substances "for the purpose of sale."  Swanson conceded in his sentencing memorandum that a violation of NRS section 453.337 is a "controlled substance offense" for purposes of the career offender enhancement.  Therefore, the error in the Presentence Report, which identified one of these convictions as a violation of NRS section 453.3385, did not affect Swanson's substantial rights.

AFFIRMED.